Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

Presentment Date:
**October 28, 2026 at 10:00 A.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

Resham Singh & Jasvinder Kaur

Debtor.
-----------------------------------------------------X

Case: 1-26-44304-JMM
Chapter 11

**NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER PURSUANT TO SECTIONS 327, 330 AND 331 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO EMPLOY LAW OFFICES OF ALLA KACHAN, P.C. AS COUNSEL FOR THE DEBTOR**

**PLEASE TAKE NOTICE**, that upon the annexed Motion and Order authorizing the Debtors in possession to employ and compensate Law Offices of Alla Kachan, PC ("LOAK") as Counsel for the Debtor ( the "Motion and Order") will present to the Honorable Jil Mazer-Marino, United States Bankruptcy Judge for the Eastern District of New York – Brooklyn Division, 271-C Cadman Plaza East - Suite 3529, Brooklyn, NY 11201 (the "Bankruptcy Court"), for signature on **October 28, 2026 at 10:00 A.M.** (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE**, objections or other responses, if any, to approve a Stipulation and Order must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the counsel for the Debtors, Law Offices of Alla Kachan, P.C. 2799 Coney Island Avenue, Suite 202, Brooklyn, NY 11235, and the United States Trustee's Office, Eastern District of New York, U.S. Federal Office Building, One Bowling Green Room 510, New York, New York 10004 so as to be received at least **7 days** prior to the date set for the presentment of the proposed Order.

**PLEASE TAKE FURTHER NOTICE**, that if no responses or objections are received the Motion may be approved without further notice or a hearing. If an objection has been timely filed, the court will notify the moving and objecting parties of the date and time of the hearing.

DATED: September 28, 2026
Brooklyn, NY

*/s/ Alla Kachan, Esq.*
Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

Resham Singh & Jasvinder Kaur

Case: 1-26-44304-JMM
Chapter 11

Debtors.
-----------------------------------------------------X

**APPLICATION**
This application, filed by the Debtors, seeking to retain counsel for the Debtors.

**TO THE HONORABLE JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE:**

Resham Singh & Jasvinder Kaur, Debtors in Possession, (sometimes referred to as the "Debtors"), represents:

1. Debtors requests that this Court enter an order pursuant to 11 U.S.C. § 327, authorizing the Debtors to retain the Law Offices of Alla Kachan, P.C. (hereinafter, "LOAK"), as its attorneys in this case (the "Motion").

**BACKGROUND**

2. Debtors commenced this bankruptcy case with the filing of a voluntary petition under Chapter 11 on September 14, 2026, See ECF Doc. No. 1.

3. Debtors have continued in the possession of its property as debtors in possession, pursuant to 11 U.S.C. §§1108 and 1109.

4. No committee of unsecured creditors has been appointed in this case.

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

6. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157.

7. This district is the appropriate district to consider this Motion, pursuant to 28

U.S.C. § 1408.

**RETAINING THE LOAK**

8. Debtors desire to retain the LOAK with offices at 2799 Coney Island Avenue, Suite 202, Brooklyn, New York 11235 as its attorney.

9. Debtors believe that the LOAK is well versed in the law on the matters on which it is to be retained and is qualified to perform the services needed by the Debtor in this case.

10. After conferring with the LOAK, Debtor believes that the LOAK does not hold or represent an adverse interest to the estate and is a disinterested person.

**SERVICES TO BE RENDERED**

11. Debtors believe it is necessary to retain the LOAK to render the following services:

A) to assist Debtors in administering this case;

B) making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

C) to represent Debtors in prosecuting adversary proceedings to collect assets of the estate and such other actions as Debtors deem appropriate;

D) to take such steps as may be necessary for Debtors to marshal and protect the estate's assets;

E) to negotiate with Debtor's creditors in formulating a plan of reorganization for Debtors in this case.

F) to draft and prosecute the confirmation of Debtor's plan of reorganization in this case;

G) to render such additional services as Debtors may require in this case.

**TERMS OF RETENTION**

12. Debtors and the LOAK agreed to the following terms for the LOAK compensation.

13. The LOAK shall bill the Debtors for legal services at its regular hourly rates.

14. These fees range from $300.00 per hour for clerks' and paraprofessionals' time, $650.00 per hour for attorney time and $450.00 per hour for associate's time.

15. These fees are subject to change on an annual basis, and the LOAK will advise

the OUST and the Court of such changes.

16. The LOAK shall also be reimbursed for its disbursements incidental to it representing the Debtor in this case.

17. The initial retainer in the amount of $15,000.00 was received on July 22, 2026, from Resham Singh & Jasvinder Kaur to act as counsel to the Debtors and to represent them as a debtors and debtor-in-possession in this case. The LOAK has drawn down for pre-filing date services $3,000.00 and $12,000.00 was left on the petition date. An additional application for post-petition services will be made at a future time, before the additional retainer is drawn upon.

18. In the future, the LOAK shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

19. No prior application has been made for the relief sought herein.

**WHEREFORE**, it is respectfully requested that an order be entered authorizing the retention of the LOAK. as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: September 28, 2026
Brooklyn. NY

*/s/ Resham Singh & Jasvinder Kaur*
Resham Singh & Jasvinder Kaur

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Case: 1-26-44304-JMM
Chapter 11

Resham Singh & Jasvinder Kaur

Debtors.
-----------------------------------------------------------X

**DECLARATION OF PROPOSED ATTORNEY AND DISCLOSURE STATEMENT IN SUPPORT OF APPLICATION FOR RETENTION OF THE LAW OFFICES OF ALLA KACHAN, P.C. AS ATTORNEYS FOR THE DEBTOR**

Alla Kachan, Esq., declares:

1. I have personal knowledge of the facts stated herein.

2. I am an attorney admitted to practice law in the State of New York and before this Court.

3. I am a member of the law firm of the Law Offices of Alla Kachan, P.C. (sometimes referred to as "LOAK").

4. Neither I, the LOAK, nor any member or associate of the LOAK (insofar as I have been able to ascertain after review of this office's files and contacts via its case management system), have any connection with the Debtors, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee; except that:

a) through other, unrelated cases, I know the United States Trustee and members of his staff;

b) I, alongside with the Law Office of Alla Kachan P.C., represented Mr Jasvinder Kaur in Chapter 11 bankruptcy case proceeding in the U.S. Bankruptcy Court Eastern District of New York (Brooklyn) in 2017, Case No: 1-17-45498-cec. We believe that the interests of the Debtors in the present case are not adverse to one another and, therefore, do not create any conflict of interest or prejudice to any party in interest.

c) the LOAK may appear in the future in cases in which one or more of said parties or their attorneys may be involved; and

5. None of these factors will diminish the quality of services that the LOAK proposes to render for the Debtors herein or is in conflict with such proposed services.

6. Neither I, the LOAK, nor any member, counsel or associate of the LOAK, insofar as I have been able to ascertain, represents interests adverse to the Debtor or their estate in the matters upon which the LOAK is to be engaged.

7. The initial retainer in the amount of $15,000.00 was received on July 22, 2026, from Resham Singh & Jasvinder Kaur,. to act as counsel to the Debtors and to represent it as a debtors and debtor-in-possession in this case. The LOAK has drawn down for pre-filing date services $3,000.00 and $12,000.00 was left on the petition date. An additional application for post-petition services will be made at a future time, before the additional retainer is drawn upon.

8. No promises have been made to the LOAK offices as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as stated in the Debtor's Motion.

9. The LOAK has no agreement with any other entity to share with such entity any compensation received by the LOAK except as part of the compensation packages of the firm's professional employees and counsel for services actually rendered.

10. I am unaware of other facts which otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. Additionally, LOAK. utilizes computer software, which is part of calendaring system, that automatically performs extensive internal conflicts check with respect to each new client. It too did not raise any conflict with respect to LOAK representation of the Debtors.

11. Based on the foregoing, the LOAK. is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

12. I declare the foregoing statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: September 28, 2026
Brooklyn, NY

*_/s/ Alla Kachan_*
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Resham Singh & Jasvinder Kaur, | ) | |
| | ) | Case no. 1-26-44304-JMM |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BANKRUPTCY COUNSEL FOR THE DEBTORS**

Upon the application (EFC No. 12, the "Application") of Resham Singh & Jasvinder Kaur, the above-captioned debtors and debtor-in-possession (the "Debtors"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of the Law Offices of Alla Kachan P.C. (hereinafter, "LOAK") as bankruptcy counsel to the Debtors; and upon the statement, declaration or affidavit of Alla Kachan Esq. which is annexed to the Application (the "Declaration"); and it appearing that LOAK is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of LOAK by the Debtors is in the best interests of the Debtors, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors is authorized to employ LOAK as its bankruptcy counsel, effective as of September 14, 2026; and it is further

ORDERED, that to the extent the Application or Declaration is inconsistent with

this Order, the terms of this Order shall govern; and it is further

ORDERED, that LOAK shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that LOAK shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are first approved pursuant to order the Court; and it is further

ORDERED, that prior to any increases in LOAK's rates, LOAK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: ______________________

Greg Zipes
Trial Attorney
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, New York 10004
(202) 573-6935

Dated: New York, New York